IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLOVIS PRINCE, #09329-064 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv206 |
| | § | *Consolidated with* 4:15cv207 |
| | § | CRIMINAL ACTION NO. 4:09cr161(1) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and the case dismissed with prejudice.[1] The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of the case, has been presented for consideration. Movant filed objections to the Report (Dkt. #29) and a supplement to those objections (Dkt. #30). After conducting a de novo review of the objections and the supplement to the objections, the Court concludes they are without merit.

The Court notes Movant begins his objections with a request to afford him extra leeway in construing his pleadings and a related request to incorporate certain prior district court filings. However, the Court makes clear in the Report that, "an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[1] Movant filed a Section 2255 Motion on March 2, 2015 (Dkt. #1). Movant then filed an amended 2255 Motion on May 15, 2015 (Dkt. #15), which supercedes and replaces the initial motion. Thus, the Magistrate Judge's Report and Recommendation addresses the amended Section 2255 Motion.

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."

Additionally, many of Movant's objections are simply reassertions of claims raised in his Section 2255 motion. For example, Movant objects to the Magistrate Judge's determination that several issues are procedurally defaulted. Movant argues the issues should not be defaulted because they were raised on direct appeal. Movant states the issues were raised in both his 112-page brief and his appellate counsel's 65-page brief to the Fifth Circuit. However, neither brief was accepted by the Fifth Circuit[2] (*See* docket entries dated 10/31/12, 11/02/12, 01/28/13, and 02/06/13 for Fifth Circuit Docket #: 12-40286). Movant appears to argue the Fifth Circuit should have accepted the over-sized briefs, and cites to *United States v. Skilling*, 554 F.3d 529 (5th Cir. 2009), in which the Fifth Circuit allowed the appellant to file an oversized brief. A review of the Fifth Circuit docket in *Skilling* shows that the Fifth Circuit granted Skilling's motion to file an oversized brief (*See* docket entry dated 09/17/17 for Fifth Circuit Docket # 06-20885). However, the Court has no authority over Fifth Circuit decisions to either grant or deny motions on appeal.

Movant also argues that, while neither of his over-sized briefs were ultimately filed with the Fifth Circuit, they still serve to preserve the issues for appeal. Movant is mistaken. As noted in footnote 1 in the Report, "Although [courts] liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them." *Longoria v. Drekte*, 507 F.3d 898, 901 (5th Cir. 2007);

---

[2] Local Rules for the Fifth Circuit refer to the Fed. R. App. Proc. 32(a)(7)(A) which states that, except under very limited circumstances, "a principal brief may not exceed 30 pages." Additionally, Fifth Circuit Local Rule 32.5 allows the Fifth Circuit to "strike briefs and record excerpts if the party fails to submit conforming briefs or record excerpts," provided the party has been given an opportunity to do so.

*United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (stating that issues not raised on direct review are procedurally defaulted).

Additionally, the Report states that if Movant *either raised or could have raised* his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. As noted in the Report, Movant failed to demonstrate cause and actual prejudice, or actual innocence in his Section 2255 motion. He now simply asserts his innocence, without support, in his objections.

Movant appears to argue a recent Supreme Court holding provides relief from his procedural default. In *Buck v. Davis*, 137 S. Ct. 759 (2017), the Supreme Court determined Buck showed ineffective assistance of counsel, and allowed him to overcome state post-conviction procedural roadblocks and pursue his claim on appeal. *Id*. at 779-80. Specifically, the Supreme Court determined the holdings in *Martinez v. Ryan*, 566 U.S. 1, 14 (2012) and *Trevino v. Thayler*, 133 S. Ct. 1911, 1920-21 (2013) applied retroactively to Buck.[3] To the extent Movant argues *Buck* is applicable to his claims of ineffective assistance of counsel, he is incorrect. Contrary to the facts in *Buck*, Movant's claims for relief concern federal, not state, convictions. Moreover, the Court addressed Movant's claims of ineffective assistance of counsel and found them to be without merit.

---

[3]*Martinez* held "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez* 566 U.S. at 14. In *Trevino*, the Supreme Court applied the holding in *Martinez* to all states in which, "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 429.

Movant also states the Report failed to address "the return of property [issue] . . . the double jeopardy issue . . . or the unreasonable [sentencing] disparity issue." Movant is again mistaken. The Magistrate Judge addressed each of these issues in the Report and concluded they were procedurally defaulted. (*See* Dkt. #24, p. 3, 5).

The Court declines Movant's request to consider the holding in the recent Third Circuit case, *Haskell v. Superintendent Greene SCI*, 866 F.3d 139 (3rd Cir. 2017). "This court must follow its own precedent unless it is overruled by this court en banc or by a decision of the Supreme Court." *United States v. Lechuga*, 229 F. App'x 317 (5th Cir. 2007), *citing United States v. Mathena*, 23 F.3d 87, 91 (5th Cir.1994).

To the extent Movant argues the Fifth Circuit incorrectly upheld his conviction on direct appeal, this issue is not appropriate in a Section 2255 motion. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). In sum, Movant fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect. It is accordingly

**ORDERED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. #15) pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED** this 17th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE